IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON EVERETT PELLUM, SR., | CASE NO. 1: 12-cv-02002-AWI-BAM |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS;** |
| vs. | **ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND** |
| WESTCARE, INC., | |
| Defendant. | |

**I.    Plaintiff's Motion to Proceed In Forma Pauperis**

On December 26, 2012, plaintiff Jason Everett Pellum Sr., ("Plaintiff") a state prisoner appearing pro se, filed a motion to proceed in forma pauperis. (Doc. 3.)  Having reviewed the in forma pauperis motion, this Court GRANTS Plaintiff's motion.

**II.    Screening Requirement**

Currently pending before the Court is Plaintiff's Complaint, filed December 5, 2012. (Doc. 1.)  The Court is required to screen complaints brought by prisoners proceeding pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such

1  relief. *Id.* If the Court determines that the complaint fails to state a claim, leave to amend may be
2  granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v.*
3  *Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).

4      A complaint must contain "a short and plain statement of the claim showing that the pleader
5  is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
6  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
7  do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v.*
8  *Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient
9  factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at
10  1949 (quoting *Twombly*, 550 U.S. at 555).

11      In reviewing a complaint under this standard, the Court must accept as true the allegations of
12  the complaint in question, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976),
13  construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*,
14  213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v.*
15  *McKeithen*, 395 U.S. 411, 421 (1969).

16  **III.  Plaintiff's Complaint**

17      From what the Court can discern, Plaintiff, currently a prisoner at the Fresno County Jail, was
18  a former patient at the Westcare Transitional Living facility ("Westcare"). (Doc. 1.) At some point
19  during his time at Westcare, Plaintiff attempted to leave. At this time, an individual named "Danny"
20  and another individual repeatedly punched and kicked Plaintiff, resulting in fractured ribs.[1] *Id.* The
21  remainder of Plaintiff's complaint is unintelligible, touching on random and unrelated subjects such
22  as unidentified and intoxicated individuals playing baseball, a "fashion splash," to Plaintiff being
23  removed from a "threapeutic community program" [sic] for "surfing the internet seeking out child
24  pornography." (Doc. 1.)

26  /././

---

[1] It is unclear if "Danny" or the other individual is employed by, or otherwise associated with Westcare.

2

### III. Discussion

Plaintiff has not stated a claim on which relief may be granted. The Court can not discern the majority of Plaintiff's rambling complaint. To the extent the Court can divine the nature of Plaintiff's allegations, Plaintiff fails to connect any actionable conduct to Westlake – the only named defendant. Moreover, Plaintiff alleges no cause of action or grounds for relief.

Because the complaint fails to allege facts sufficient to state a claim upon which relief can be granted, this Court will dismiss it. The Court will provide Plaintiff with an additional opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Plaintiff must revise his complaint to allege facts sufficient to support a cognizable claim. Plaintiff may not change the nature of this suit by adding new, unrelated claims in the second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, but must allege sufficient facts to establish his cause of action. Fed. R. Civ. P. 8(a). Plaintiff should focus on setting forth, as briefly but specifically as possible, the facts necessary to state a claim on which relief may be granted. Plaintiff must avoid including unnecessary language, as well as advocacy and argumentation.

Plaintiff is advised that each amended complaint supercedes all prior complaints, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

## CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to state facts sufficient to state a claim on which relief may be granted;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a amended complaint curing the deficiencies identified by the Court in this order; and
3. If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of

1  service of this order, this action will be dismissed pursuant to 28 U.S.C. §
2  1915(e)(2)(B)(ii) for failure to state a claim.
3  IT IS SO ORDERED.
4  **Dated:   February 13, 2013**              /s/ **Barbara A. McAuliffe**
                                              UNITED STATES MAGISTRATE JUDGE