UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON PELLUM, | Case No. 1:12-cv-2002 AWI-BAM |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| WESTCARE, INC., | |
| Defendant. | |

_____/

Plaintiff Jason Everett Pellum ("Plaintiff") is proceeding *pro se* in this action filed on December 5, 2012. (Doc. 1). Soon after, Plaintiff filed a request to proceed in forma pauperis. (Doc. 2). On February 14, 2013, the Court screened Plaintiff's complaint and determined he failed to state a cognizable claim. (Doc. 4). The Court dismissed the complaint with leave to amend, and ordered Plaintiff to file an amended complaint within thirty days of the date of service, or no later than March 14, 2013. To date, Plaintiff has failed to comply with or otherwise respond to the Court's order.

On October 23, 2013, the Court's Order that had been properly served on Plaintiff at his updated address 1050 W. Griffith Way, #224, Fresno, California 93705, was returned by the postal service marked "Undeliverable."

**DISCUSSION**

Eastern District of California Local Rule 182(f) provides that attorneys and any party appearing pro se are "under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party." Thus, Plaintiff is under a continuing duty to keep the Clerk and others informed of any change to his address or telephone number. Mail addressed to Plaintiff has been returned as undeliverable, and therefore, Plaintiff has failed to keep the

Court informed of his current address despite a continuing duty to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate ... dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

## CONCLUSION

Plaintiff **JASON PELLUM** is hereby **ORDERED TO SHOW CAUSE**, if any, why the action should not be dismissed for his failure to follow the Local Rules. Plaintiff SHALL file a declaration addressing his failure to keep the court informed, or in the alternative, shall file a Notice of Change of Address with this Court, **no later than December 30, 2013**. In the event Plaintiff fails to show cause for his failure, this Court will recommend dismissal of the action in its entirety.

IT IS SO ORDERED.

Dated: **December 10, 2013**         /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE

2